RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/13.06

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

TIFFIENY PRINCE

CIVIL ACTION NO. 04-1956

VS.

JO ANNE BARNHART, Commissioner
Social Security Administration

MAGISTRATE JUDGE METHVIN
BY CONSENT OF THE PARTIES

## RULING ON MOTION FOR ATTORNEY FEES
## PURSUANT TO EQUAL ACCESS TO JUSTICE ACT
### *(Rec. Doc. 17)*

Before the court is the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") filed by plaintiff, Tiffieny Prince ("Prince"). The motion is unopposed.[1]

Prince seeks an attorney's fees award of $2,759.50, representing $1,637.50 in attorney's fees (13.10 hours at the rate of $125.00 per hour), $1,122.00 in paralegal's fees (20.40 hours at the rate of $55.00 per hour). In support of this request, Prince's counsel, William J. Ziegler, Jr., submitted a petition describing the services performed on behalf of his client and the time billed in connection with each task.

### *Background*

On June 25, 2001, Prince applied for supplemental security income alleging disability since January 1, 2001 due to diabetes mellitus, weight loss, blurred vision, and depression. Prince's application was denied. Following the an administrative hearing, the ALJ issued an unfavorable decision. A request for review was denied by the Appeals Council.

---

[1] Rec. Doc. 19.

On September 24, 2004, Prince filed a complaint for judicial review with this Court.[2]  On

October 20, 2005, the undersigned magistrate judge issued a Memorandum Ruling and Judgment

reversing the Commissioner's decision and awarding benefits.[3]

### *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other

expenses . . . unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  The

Act thus places the burden on the Commissioner to show that the stated statutory exceptions

make an award of fees and expenses inappropriate.  Martin v. Heckler, 754 F.2d 1262, 1264 (5th

Cir. 1985).  A party who wins a sentence-four remand is a prevailing party.  Shalala v. Schaefer,

509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); Breaux v. United States

Department of Health and Human Services, 20 F.3d 1324 (5th Cir. 1994).  Since Prince is a

prevailing party, and the Commissioner does not oppose an award of fees, I find that an award of

fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-

due benefits claim is entitled to a reasonable fee to compensate such attorney for the services

performed by him in connection with such claim, not to exceed 25 percent of the total of the past-

due benefits recovered.  42 U.S.C. §§406(a), (b)(1).  The "lodestar" approach has been adopted

by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases.  Brown v.

Sullivan, 917 F.2d 189, 191 (5th Cir. 1990).  The starting point under this approach is the number

---

[2] Rec. Doc. 1.

[3] Rec. Doc. 15 and 16.

of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. Id. at

192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The

attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant

community for similar legal services are measures typically used as a first approximation of the

reasonable hourly rate. Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted

upward or downward based on the court's consideration of the circumstances surrounding the

case. Id. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v.

Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Mid-Continent Casualty

Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000). The twelve

Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the

questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed

or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the

experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature

and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third,

eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these

factors are only appropriate in rare cases supported by specific evidence in the record and

detailed findings by the courts." Walker v. U. S. Department of Housing and Urban

Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936

(5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), <u>citing</u> <u>Pennsylvania v.</u>

<u>Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92

L.Ed.2d 439 (1986).

### *Reasonable Rate and Hours Expended*

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for

the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per

hour unless the court determines that an increase in the cost of living or a special factor, such as

the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A)(ii). The customary hourly rate in this area has fluctuated between

$100.00 and $125.00. <u>Mickey J. Comeaux v. Commissioner of Social Security</u>, No. 99-0691

(January 12, 2000) ($100); <u>Rhonda G. Huval v.Commissioner of Social Security</u>, No. 99-1056

($125). Mr. Ziegler is an experienced attorney, and the undersigned therefore concludes that

$125.00 per hour is an appropriate hourly fee. Counsel for plaintiff itemizes 13.10 hours he

spent on the case and 20.40 hours spent by a paralegal. These hours are undisputed and I find

that the time expended is reasonable.

### *Johnson Analysis*

The next step requires that the court analyze the twelve <u>Johnson</u> factors to determine if

the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies

in this case follow: (1) Time and labor involved: the lodestar adequately compensates time and

labor involved; (2) Novelty and difficulty of the questions: the issues in this case have been

previously addressed by this court; (3) The skill required to perform the legal services properly:

the hourly rate adequately compensates counsel for the level of skill required to handle this case

competently; (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases; (5) Customary fee: decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area fluctuates between $100.00 and $125.00 per hour. The undersigned concludes that the rate of $125.00 per hour is appropriate in this case; (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment;[4] (7) Time limitations: no evidence was adduced on this point;[5] (8) The time involved and the results obtained: this matter was resolved approximately one-year after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. Walker, 99 F.3d at 771; (9) The experience, reputation and ability of counsel: counsel enjoys the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: no evidence was adduced on this point; (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point; (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees. The lodestar is presumptively reasonable and should be modified only in exceptional cases. City of Burlington, 112 S.Ct. at 2641. This is not such a case; the lodestar requires no adjustment.

**IT IS THEREFORE ORDERED** that the motion for attorney's fees is **GRANTED.**

---

[4]In Walker, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.), cert. denied, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[5]The seventh factor is subsumed in the number of hours reasonably expended. Walker, 99 F.3d at 772.

6

**IT IS FURTHER ORDERED** that the sum of $2,759.50 is awarded to Prince as an

EAJA fee. The Commissioner of the Social Security Administration shall forward a check

payable to William J. Ziegler, Jr. in the amount of $2,759.50 pursuant to 28 U.S.C.

§2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana on _February 13_____, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140      FAX 593-5155

COPY SENT
DATE 2/13/06
BY PD
TO MEM
CB